UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARK DOUGLAS HAMIL, SR.     CIVIL ACTION NO. 15-cv-2662

VERSUS     JUDGE HICKS

KEVIN BROWN, ET AL     MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

    Mark Douglas Hamil, Sr. ("Plaintiff") is self-represented. He filed this civil rights complaint against Louisiana State Trooper Kevin Brown, Sheriff Steve Prator, Support Enforcement Services, and the Louisiana Department of Motor Vehicles. He complains that Trooper Brown arrested him based on a statute that was repealed four months before his arrest, and Sheriff Prator kept him in custody despite the repeal of the statute. He also complains that his driving privileges were suspended because of past due child support. For the reasons that follow, it is recommend the complaint be dismissed.

**Rule 12(b)(6) Review**

    Plaintiff is not proceeding as a pauper, so his complaint is not subject to the screening procedure ordinarily employed under 28 U.S.C. § 1915. But even when the filing fee has been paid, "[a] district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff

with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

**Trooper Brown and Sheriff Prator**

The arrest report attached to Plaintiff's complaint reflects that the arresting officer, Kevin Brown, stopped Plaintiff's vehicle on Milam Street in November 2014 because there was no visible license plate. Plaintiff then showed him a temporary plate that was behind the dirty rear glass. Brown detected a strong odor of alcoholic beverage coming from Plaintiff, and Plaintiff performed poorly on a horizontal gaze nystagmus test, after which Plaintiff refused to perform the rest of the field sobriety test. Trooper Brown arrested Plaintiff and eventually transferred him to the custody of the Caddo Parish Sheriff. Brown listed the charges as violations of La. R.S. 47:507 (invalid display of license plate) and La. R.S. 14:98 (DWI, 4th offense).

Plaintiff alleges that La. R.S. 47:507 had been repealed four months before his arrest. That statute required that the permanent license plate be securely fastened to the rear of the vehicle to which it was assigned. The statute was repealed in 2014, but it appears it was replaced with La. R.S. 32:53, which contains the same requirements. It is possible that Section 507, cited in Trooper Brown's arrest report, had been repealed at that time, but the substantive law was nonetheless the same. Furthermore, it appears that the primary reason Brown took Plaintiff into custody was probable cause for a fourth offense DWI.

To prevail on a Section 1983 false arrest claim, Plaintiff must show that the arresting

officer did not have probable cause to make the arrest. Haggerty v. Texas Southern University, 391 F.3d 653, 655 (5th Cir. 2004). "Probable cause for a warrantless arrest exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." U.S. v. Watson, 273 F.3d 599, 602 (5th Cir. 2001).

To make out a Fourth Amendment claim under a false arrest or illegal detention theory, the plaintiff must show that the relevant defendants were not aware of facts constituting probable cause to arrest or detain the plaintiff for any crime. That is, the plaintiff must show that the officers could not have reasonably believed that they had probable cause to arrest him for any crime. Cole v. Carson, 802 F.3d 752, 764 (5th Cir. 2015), citing O'Dwyer v. Nelson, 310 Fed. Appx. 741, 745 (5th Cir. 2009). The claim for false arrest looks to the validity of the arrest, not the validity of each individual charge. If there was probable cause for any of the charges made, then the arrest was supported by probable cause, and the claim for false arrest fails. Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995).

The documents submitted by Plaintiff along with his complaint indicate that the primary purpose for his arrest was suspicion of DWI 4th offense, and Plaintiff does not even allege that Trooper Brown lacked probable cause to make that arrest. His sole complaint is that Section 507 regarding display of license plate had been repealed at that time. It appears, however, that the substantive requirements of that statute were still in place, although under the heading of a different statute. These facts simply cannot give rise to a viable claim of

false arrest or illegal detention, so all claims against Trooper Brown and Sheriff Prator should be dismissed.

**State Agency Defendants**

Plaintiff attaches a letter from the State of Louisiana, Department of Children & Family Services, Child Support Enforcement Section that states Plaintiff owed past due child support of more than $66,000. Plaintiff alleges in his complaint that the agency, as well as the Department of Motor Vehicles, are liable for suspending his driving privileges after these events. Plaintiff alleges that "records reflect payments before arrest" and that using state law to suspend driving privileges violates the Fourteenth Amendment.

"The Eleventh Amendment bars suits by private citizens against a state in federal court." K. P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statutes, but 42 U.S.C. § 1983 is not one of them. Quern v. Jordan, 99 S.Ct. 1139 (1979). State law claims are also barred by the immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).

The bar on suits against the State also extends to its agencies and departments that are considered arms of the state. The Department of Children & Family Services has been recognized by federal courts as a state agency entitled to immunity. Peter-Takang v. Department of Children & Family Services, 2015 WL 4097157, *3 (E.D. La. 2015); Schannette v. Doxey, 2013 WL 4516041, *4 (W.D. La. 2013); and Harmony Center, LLC v. Jindal, 2010 WL 4955167, *3 (M.D. La. 2010). The Office of Motor Vehicles is a

division within the Department of Public Safety and Corrections. It is also considered an arm of the state for Eleventh Amendment purposes. Lewis v. Hanemann, 2015 WL 5883547, *2 (W.D. La. 2015); Bosley v. Louisiana Office of Motor Vehicles, 2013 WL 4736865, *2 (M.D. La. 2013). Therefore, the court lacks jurisdiction to hear Plaintiff's claims against the two state agencies that he names in his complaint.

**Conclusion**

Plaintiff's claim that he was falsely arrested and imprisoned based on a repealed traffic code statute fails because the rule was still in place under a different designation and, moreover, his own materials reflect that there was a basis to arrest him for the separate crime of fourth offense DWI. The other claims in this complaint are directed at arms of the state that are protected by Eleventh Amendment immunity. There are no claims that survive Rule 12(b)(6) review, so dismissal of the complaint is appropriate.

Accordingly,

**IT IS RECOMMENDED** that all claims against Trooper Kevin Brown and Sheriff Steve Prator be **dismissed with prejudice** for failure to state a claim on which relief may be granted and that all claims against Support Enforcement Services and Department of Motor Vehicles be **dismissed without prejudice** for lack of subject-matter jurisdiction.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of August, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge